UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

John Carter,                    :
        Plaintiff,              :
                                :
        v.                      :       File No. 1:06-CV-225
                                :
United States,                  :
        Defendant.              :

           MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
                       (Papers 6 and 14)

    Plaintiff John Carter, a federal inmate proceeding *pro se*, brings this action claiming that the Bureau of Prisons ("BOP") lost some of his personal belongings during a prison transfer.  The BOP has offered him $200 in compensation, but Carter contends that the property was worth in excess of $600.  Currently pending before the Court are Carter's motions for summary judgment and costs, and the defendants' motion to dismiss for lack of subject matter jurisdiction.

    The defendants' motion raises an issue of law that is currently being reviewed by the United States Supreme Court.  If resolved in the defendants' favor, the issue would be dispositive.  Consequently, the parties have agreed that this case may be held in abeyance until the high court has resolved the issue.  Given the parties' agreement on the issue, I recommend that this motion to

dismiss be held in abeyance until the Supreme Court rules on the jurisdiction issue, and that the case be STAYED until the motion to dismiss is resolved.  I further recommend that Carter's pending motions for summary judgment and costs be DENIED without prejudice to re-filing at a later stage in the case.

### Factual Background

Carter is a federal prisoner with a permanent residence in Newport, Vermont.  He claims that in May, 2005, the BOP transferred him from a federal correctional facility in Otisville, New York to a federal facility in Ray Brook, New York.  When he arrived at Ray Brook, he discovered that one of his boxes of personal property was missing.  The United Parcel Service traced the package to a federal facility in Pennsylvania, but the box was never recovered.

Carter now claims that the box was lost due to the BOP's negligence, and that in addition to a loss of photos and family heirlooms, he has suffered emotional distress.  He alleges that he filed a tort claim with the federal government within the limitations period, and was offered a payment of $200.  Carter claims that the lost

property was worth $600, and therefore brings this lawsuit. In addition to compensatory damages of $600, Carter seeks $1,500 for his emotional distress and costs of $350.

## Discussion

I. Government's Motion to Dismiss

The government has moved to dismiss for lack of subject matter jurisdiction. Although citizens may proceed with negligence claims against the federal government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, the government argues that Carter's claim is barred by a specific exception within the FTCA. The cited provision, 28 U.S.C. § 2680(c), states that the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ."

The government submits that the analysis under § 2680(c) is two-pronged. The first question is whether Carter's property was "detained." The Supreme Court has interpreted this portion of § 2680(c) broadly, holding

3

that it covers damages arising not only from detention of property, but also from negligent storage or handling. Kosak v. United States, 465 U.S. 848, 854-59 (1984). Furthermore, circuit courts have held that § 2860(c) applies specifically to the handling of prisoner property by prison officials. See, e.g., Chapa v. U.S. Dep't of Justice, 339 F.3d 388, 390 (5th Cir. 2003) (property lost during federal inmate's transfer was "detained" for purposes of § 2806(c)); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002). In his opposition to the motion to dismiss, Carter does not specifically argue that § 2680(c) is inapplicable to a lost property claim. Therefore, although the Court may certainly revisit this issue, for present purposes the first prong should be deemed to have been satisfied.

The second question is whether BOP officials are law enforcement officers under § 2680(c). While some circuits have held that § 2860(c) extends to all detentions by law enforcement officers, see Chapa, 339 F.3d at 390; Bramwell v. Bureau of Prisons, 348 F.3d 804, 807 (9th Cir. 2003); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002); Schlaebitz v. Dep' of Justice, 924 F.2d

193, 195 (11th Cir. 1991); Ysasi v. Rivkind, 856 F.2d 1520, 1525 (Fed. Cir. 1988), others have limited the exception to the tax and customs contexts, see Kurinsky v. United States, 33 F.3d 594, 598 (6th Cir. 1994), cert. denied, 514 U.S. 1082 (1995); Bazuaye v. United States, 83 F.3d 482, 486 (D.C. Cir. 1996).  In a recently-filed notice of supplemental authority, the government has notified the Court that the United States Supreme Court will be addressing this circuit split in the near future.

On May 29, 2007, the Supreme Court granted a writ of certiorari in Ali v. Federal Bureau of Prisons, No. 06-9130, 2007 WL 278844 (May 29, 2007), wherein a federal prisoner brought a claim against the BOP for personal property that was lost and/or damaged during his transfer to a new facility.  The district court dismissed the case on the basis of the exception in § 2860(c), and the Eleventh Circuit affirmed.  Because the interpretation of "law enforcement officer" under § 2860(c) is currently before the Supreme Court, the government has suggested that this Court hold its motion to dismiss in abeyance until after the Supreme Court issues a ruling in Ali.  Carter has no objection to holding the motion dismiss in

abeyance.

In addition to holding the motion to dismiss in abeyance, all other activity in the case should be stayed. The Court has essentially stayed the case already, ruling that the government need not respond to Carter's pending motions, and that a joint discovery schedule is not due until after the Court has ruled on the motion to dismiss. Moreover, it is common practice in this Circuit to postpone the final disposition of a case pending an upcoming decision in the United States Supreme Court. Jugmohan v. Zola, 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000) (citing Marshel v. AFW Fabric Corp., 552 F.2d 471, 472 (2d Cir. 1977)). Therefore, and in light of the parties' agreement on the issue of abeyance, I recommend that the motion to dismiss be held in abeyance and that all activity in the case be STAYED until (1) the Supreme Court issues a decision in Ali, and (2) this Court issues a ruling on the motion to dismiss.

II.  Carter's Motions for Summary Judgment and Costs

Also pending before the Court are Carter's motions for summary judgment and costs. Both motions are premature. Carter's complaint was docketed on November

27, 2006, and a summons was served upon the government on December 26, 2006. Carter filed his motion for summary judgment on December 14, 2006, more than two months before the government's answer was due. He filed his motion for costs on April 3, 2007.

Summary judgment should only be granted "[i]f *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (citations omitted) (emphasis in original). In other words, summary judgment may be granted before the completion of discovery "only in the rarest of cases." Hellstrom, 201 F.3d at 97. Generally, "[t]he nonmoving party must have 'had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.'" Id. (quoting Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989)).

There are facts in this case, such as the value of the lost property, that may be disputed. Because the government has had little opportunity to either interview

7

their own witness(es) or to conduct discovery, it would be inappropriate to award summary judgment to Carter at this time.  See Trebor, 865 F.2d at 511; Sutera v. Schering Corp., 73 F.3d 13, 18 (2d Cir. 1995) (reversing summary judgment entered before any discovery had taken place); Crystalline H2O, Inc. v. Orminski, 105 F. Supp. 2d 3, 7-8 (N.D.N.Y. 2000).  With respect to the motion for costs, this motion cannot be granted unless Carter prevails.  It is too early in the case to make that determination.  Accordingly, I recommend that the motion for summary judgment (Paper 6) and motion for costs (Paper 14) be DENIED without prejudice to refiling at a later stage in the case.

## Conclusion

For the reasons set forth above, I recommend that this case be STAYED until (1) the Supreme Court issues a decision in Ali v. Federal Bureau of Prison, No. 06-9130, 2007 WL 278844 (May 29, 2007), and (2) this Court issues a ruling on the government's pending motion to dismiss.  I further recommend that Carter's pending motions for summary judgment (Paper 6) and costs (Paper 14) be DENIED without prejudice to refiling at a later stage in the

case.

Dated at Burlington, in the District of Vermont, this 20th day of July, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).