```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT


John Carter,                    :
        Plaintiff,              :
                                :
        v.                      :      File No. 1:06-CV-225
                                :
United States,                  :
        Defendant.              :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Papers 20 and 30)

Plaintiff John Carter, a federal inmate proceeding *pro se*, brings this action claiming that the Bureau of Prisons ("BOP") lost some of his personal belongings during a prison transfer.  The government has moved to dismiss for lack of jurisdiction, arguing that the Federal Tort Claims Act ("FTCA") did not waive the government's sovereign immunity for this sort of claim.  When the Supreme Court granted *certiorari* in a similar case, the parties agreed that this case should be stayed while the Supreme Court case was pending.  The Supreme Court has now issued a decision that supports the government's position.  Accordingly, the stay is now vacated, and for reasons set forth below, I recommend that the Court GRANT the government's motion and that this case be DISMISSED.

## Factual Background

Carter is a federal prisoner with a permanent residence in Newport, Vermont.  He claims that in May, 2005, the BOP transferred him from a federal correctional facility in Otisville, New York to a federal facility in Ray Brook, New York.  When he arrived at Ray Brook, he discovered that one of his boxes of personal property was missing.  The United Parcel Service traced the package to a federal facility in Pennsylvania, but the box was never recovered.

Carter now claims that the box was lost due to the BOP's negligence, and that in addition to a loss of photos and family heirlooms, he has suffered emotional distress.  He alleges that he filed a tort claim with the federal government within the limitations period, and was offered a payment of $200.  He brings this action because he believes the lost property was worth $600.  He is also seeking an additional $1,500 for emotional distress and costs of $350.

## Discussion

The government has moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

2

12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  Id.  "Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks and brackets omitted).

Carter argues that his claim against the government is authorized by the FTCA.  The government contends that his claim is barred by a specific exception within the FTCA.  That exception, found at 28 U.S.C. § 2680(c), states that the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ."

The analysis under § 2680(c) is two-pronged.  The

3

first question is whether Carter's property was "detained." The Supreme Court has interpreted this portion of § 2680(c) broadly, holding that it covers damages arising not only from detention of property, but also from negligent storage or handling. Kosak v. United States, 465 U.S. 848, 854-59 (1984). Furthermore, circuit courts have held that § 2680(c) applies specifically to the handling of prisoner property by prison officials. See, e.g., Chapa v. U.S. Dep't of Justice, 339 F.3d 388, 390 (5th Cir. 2003) (property lost during federal inmate's transfer was "detained" for purposes of § 2680(c)); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002). Accordingly, I recommend that this Court find that the property in question was "detained" pursuant to § 2680(c).

The second question is whether BOP officials are law enforcement officers under § 2680(c). In Ali v. Federal Bureau of Prisons, 128 S. Ct. 831 (2008), the Supreme Court recently answered this question in the affirmative. The plaintiff in Ali was a federal prisoner who brought a claim against the BOP for personal property that was lost and/or damaged during his transfer to a new facility.

4

The district court dismissed the case on the basis of the exception in § 2680(c), and the Eleventh Circuit affirmed.  The Supreme Court granted *certiorari*, and concluded that "Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers."  Ali, 128 S. Ct. at 841.  Accordingly, the lower courts were affirmed and the case was dismissed for lack of subject matter jurisdiction.

In light of the Ali decision, this case should also be dismissed.  The FTCA provides a limited waiver of sovereign immunity.  United States v. Orleans, 425 U.S. 807, 813 (1976).  When an exception to that waiver applies, the government's immunity remains intact and federal courts have no jurisdiction to hear the case.  Dalehite v. United States, 346 U.S. 15, 30-31 (1953).  I therefore recommend that the government's motion be GRANTED and this case be DISMISSED.

## Conclusion

For the reasons set forth above, the motion to vacate the stay in this case (Paper 30) is GRANTED.  I recommend that the government's motion to dismiss (Paper

20) also be GRANTED, and that this case be DISMISSED for lack of subject matter jurisdiction.

Dated at Burlington, in the District of Vermont, this 20th day of February, 2008.

<u>/S/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).